STATE of Iowa, Plaintiff-Appellee,

v.

Hallard WRIGHT, Defendant-Appellant.

No. 83–1328.

Court of Appeals of Iowa.

Feb. 26, 1985.

Charles Harrington, Appellate Defender, and Deborah Goins, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Steven K. Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Defendant, Hallard Wright, appeals his conviction of third degree theft for passing two bad checks. He argues the trial court erred when it admitted a statement—made by him while in police custody—without first holding a hearing to determine whether the statement was made voluntarily. Wright also argues the trial court erred in admitting a letter into evidence over his hearsay objection. We reverse and remand for a new trial.

Wright was tried before a jury for issuing two bad checks to the South Central Co-op of LaCona in September, 1981. Both checks were drawn on the Monroe State Bank in Monroe, Iowa. At trial the defense presented evidence that Wright may have had reason to believe—at the time he issued the two checks—that he was still entitled to draw on a joint account which he and his wife had opened at the Monroe State Bank. The State called detective Robert Beener in rebuttal. He was to testify that in November of 1980 Wright admitted to Beener his knowledge that he no longer had a checking account at the Monroe State Bank.

Before Beener could testify, Wright's counsel requested a hearing outside the presence of the jury. In the judge's chambers counsel inquired about the purpose of Beener's testimony because Beener had not been listed as a witness in the minutes of testimony. When counsel learned of the expected testimony, Wright informed her that he had been under the care of a psychiatrist shortly after he made the statement to Beener. Counsel then moved to have an evidentiary hearing on the issue whether Wright's statement should be suppressed because it was involuntarily made while in custody.

The trial court stated that unless Wright had been under a conservatorship, had been formally adjudicated incompetent, or had been committed to a mental institution, any evidence of mental problems would go to the weight of the evidence, not to admissibility. Trial was then resumed, and Beener testified as expected.

I. *Denial of an Evidentiary Hearing to Determine Voluntariness.* Wright argues the trial court erred in admitting testimony about Wright's statement without first holding a hearing to determine the voluntariness of that statement. We agree.

The law regarding the voluntariness of a defendant's statements is clear. "*[A]ny* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law 'even though there is ample evidence aside from the confession to support the conviction.'" *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290, 303 (1978) (emphasis in original) (quoting *Jackson v. Denno,* 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908, 915 (1964)). *See State v. Hrbek,* 336 N.W.2d 431, 435 (Iowa 1983). The burden is upon the state to prove by a preponderance of the evidence that a waiver of the right to remain silent was made knowingly, voluntarily, and intelligently. *State v. Hahn,* 259 N.W.2d 753, 758 (Iowa 1977). The court has an obligation to independently evaluate the totality of the circumstances to determine whether the defendant voluntarily relinquished the right to remain silent. *See id.* When the prosecution presents no evidence at all that the defendant voluntarily waived his rights, the defendant's statement is inadmissible. *See Tague v. Louisiana,* 444 U.S. 469, 471, 100 S.Ct. 652, 653, 62 L.Ed.2d 622, 625 (1980).

Applying these principles of law, we must conclude that the trial court erred in admitting testimony about the statement Wright made when in police custody. The trial court did not require the prosecution to present any evidence that Wright's statement was voluntarily made. Therefore, the statement was inadmissible.

The State has argued that Wright did not preserve error because the trial court did not explicitly rule on the motion for an evidentiary hearing to determine the voluntariness of Wright's statement. The State's brief cites *State v. Walker,* 304 N.W.2d 193, 195 (Iowa 1981), for the fol-

lowing proposition: "[W]hen a motion is not ruled on in trial court, and there is no request or demand for a ruling, error has not been preserved." However, on the same page cited by the State, the court in *Walker* went on to state that, "The omission of an express ruling is not necessarily fatal to an appeal; in some cases, the ruling may be apparent from the circumstances...." *Id.* In this case the trial court's ruling, though not explicitly addressed to Wright's motion, was crystal clear. Error was preserved.

▮ The State also argues that admission of the statement had no prejudicial effect upon the jury and that any error was therefore harmless. We cannot agree. The trial court admitted the statement because it felt the statement was relevant to the issue of intent, an issue focused upon by Wright's defense. Because intent is an issue that must be proved to the jury by the State, we cannot say the statement was harmless beyond a reasonable doubt. *See State v. Freeman*, 297 N.W.2d 363, 367 (Iowa 1980). The State's argument asserts that Wright's defense was implausible. Determining a defense's plausibility, however, is up to the jury, not to this court. Because we cannot say the trial court's error was harmless, this case must be reversed and remanded.

II. *Hearsay Evidence.* Wright also appeals the trial court's decision to admit a letter that Wright had objected to as hearsay. The State argues that if the letter was inadmissible hearsay, any error in admitting the letter was harmless. We have already reversed and remanded this case in division I of this opinion. Thus, we need not determine whether any error was harmless. We rule on the admissibility of the letter only to guide the court if this case is retried.

▮ The trial court realized that the letter constituted hearsay, but admitted the letter on the basis that the business record exception applied. That ruling was error. The letter in question was received by South Central Co-op after it had sent an inquiry to Wright's former employer. The letter from the former employer purported to state the date that Wright's employment had been terminated. The only foundational testimony regarding the letter was presented by an employee of the Co-op. The employee's testimony at trial was insufficient to establish the letter as a business record of the Co-op, either pursuant to Iowa Code section 622.28 (1981) or Iowa Rule of Evidence 803(6). On retrial, the employee may be able to provide a sufficient foundation to qualify the letter as a business record of the Co-op. Such record, however, is only evidence of communication with Wright's alleged former employer. To admit the letter as evidence of Wright's employment—a matter not within the personal knowledge of the Co-op witness or others employed by the Co-op—would "violate the rule excluding 'double hearsay' contained in business records." *Union Story Trust & Savings Bank v. Sayer*, 332 N.W.2d 316, 321 (Iowa 1983). Evidence presented by Co-op employees is not sufficient to establish that the letter was a business record of the former employer. *See State v. Lain*, 246 N.W.2d 238, 242 (Iowa 1976).

REVERSED AND REMANDED.

HAYDEN, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I agree with the State that error was not preserved. I would affirm the trial court.