# IN THE SUPREME COURT OF IOWA

No. 64 / 07-0776

Filed May 23, 2008

**STATE OF IOWA,**

Appellant,

vs.

**NICHOLAS ANTHONY TONELLI, JODY GEORGE,** and **STEPHEN NOLTE,**

Appellees.

---

Appeal from the Iowa District Court for Story County, Thomas R. Hronek, Judge.

State appeals district court ruling which limited the coconspirator hearsay exclusion to the definition of criminal conspiracy. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Stephen Holmes, County Attorney, and Timothy Meals and Mary Howell Sirna, Assistant County Attorneys, for appellant.

Christine R. Keenan of Feilmeyer, Feilmeyer, Keenan, Forbes & Fultz, P.L.C., Ames, for appellee Tonelli.

Joseph R. Cahill of Cahill Law Offices, Nevada, for appellee George.

Daniel J. Gonnerman, Ames, for appellee Nolte.

**APPEL**, **Justice**.

In this case, we must decide whether the term "conspiracy," as used in the Iowa Rules of Evidence to allow for the admission of statements by coconspirators, is limited by the definition of criminal "conspiracy" found in the Iowa criminal code. We hold that while the crime of "conspiracy" arises under Iowa law only with respect to agreements to perform acts amounting to aggravated misdemeanors or felonies, the evidentiary rule may be applied more broadly to combinations or agreements to accomplish a criminal or unlawful act, or to do a lawful act in an unlawful manner.

## I.  Factual and Procedural Background.

The State asserts that in late 2005, defendants Nicholas Anthony Tonelli, Jody George, and Stephen Nolte lived together in an apartment in Ames, Iowa, near Iowa State University. According to the minutes of testimony, the three men and two of their friends, Anthony Galante and Kelly Campbell, planned a December 2 house party. The State maintains that Tonelli, George, and Nolte participated in the planning of the party by putting an invitation on an internet site, Facebook, by purchasing two kegs of beer and other alcohol, by making "Jell-O" shots, and by making arrangements to collect money at the door and split the proceeds.

The State plans to show that the men knew there were numerous people at the party who were under the legal age to drink alcohol and that they had reasonable cause to believe they were serving alcohol to minors. One of the underaged guests was twenty-year-old Shanda Munn. After leaving the defendants' party, Munn drove home and killed Kelly Laughery by striking Laughery with her vehicle.

Based on these asserted facts, the State charged Tonelli, George, and Nolte with providing alcohol to a person under the legal age in

violation of Iowa Code sections 123.47(1) and 123.47(6) (2005). Iowa Code section 123.47(1) prohibits the serving of alcoholic beverages to minors and is a serious misdemeanor. Iowa Code § 123.47(4). Iowa Code section 123.47(6) provides that any person of legal age who supplies alcoholic beverages to a minor which results in the death of any person is guilty of a class "D" felony. *Id.* § 123.47(6).

During a pretrial hearing on a motion to sever the trials, the State indicated that it intended to offer the testimony of coconspirators Galante and Campbell into evidence pursuant to Iowa Rule of Evidence 5.801(*d*)(2)(E). This rule of evidence provides, in relevant part: "The following statements are not hearsay: . . . a statement by a conspirator of a party during the course and in furtherance of the conspiracy." Iowa R. Evid. 5.801(*d*)(2)(E).

In response, counsel for Tonelli asserted that the term "conspiracy" in Iowa Rule of Evidence 5.801(*d*)(2)(E) was limited by the definition of criminal "conspiracy" contained in Iowa Code section 706.1. Iowa Code section 706.1 provides, in relevant part:

> A person commits conspiracy with another if, with intent to promote or facilitate the commission of a crime which is an aggravated misdemeanor or felony, the person does either of the following. . . .

Iowa Code § 706.1. Tonelli's counsel claimed the rule applied only where there was a conspiracy to commit an aggravated misdemeanor or felony and that her client conspired only to do something entirely legal, namely plan a party. When the court asked whether it was possible to have a conspiracy in Iowa without establishing "the elements set out in the code," Nolte's trial counsel responded "I do not believe so. . . ." The court did not enter a ruling on the issue at the hearing on the motion to sever.

In light of the colloquy at the hearing, the State filed a motion for adjudication of a law point. The State's application asserted for purposes of Iowa Rule of Evidence 5.801(*d*)(2)(E), conspiracy should be broadly defined to include "a combination or agreement between two or more persons to accomplish a criminal or unlawful act, or to do a lawful act in an unlawful manner." *State v. Ross*, 573 N.W.2d 906, 914 (Iowa 1998). In the alternative, even if "conspiracy" under Iowa Rule of Evidence 5.801(*d*)(2)(E) required an aggravated misdemeanor or felony, the State asserted that because the charge of providing alcohol resulting in death is a felony, the statements of coconspirators would be fully admissible. The defendants, conversely, argued that at most they conspired to supply alcohol to underaged persons, a serious misdemeanor, making the evidentiary rule inapplicable.

At the hearing, no party offered evidence; the hearing proceeded solely with legal argument. The district court ruled that "conspiracy" for purposes of the admission of evidence pursuant to Iowa Rule of Evidence 5.801(*d*)(2)(E) may be established only with evidence that the declarant was involved in a conspiracy to commit a crime which was an aggravated misdemeanor or felony as required by Iowa Code section 706.1.

In light of the adverse ruling of the district court, the State filed an application for discretionary review, which we granted.

## II. Standard of Review.

This court reviews a district court ruling on a motion for adjudication of a law point for correction of errors at law. Iowa R. App. P. 4; *State v. Olsen,* 482 N.W.2d 452, 455 (Iowa Ct. App. 1992).

### III. Discussion.

This court is confronted solely with legal questions surrounding the proper interpretation of Iowa Rule of Evidence 5.801(*d*)(2)(E), which were presented in the motion to adjudicate a law point.

We note at the outset that a party does not need to be charged with the crime of conspiracy for Iowa Rule of Evidence 5.801(*d*)(2)(E) to apply. More than thirty years ago in *State v. Lain*, 246 N.W.2d 238 (Iowa 1976), this court noted that the mere fact that a conspiracy charge was not present "was immaterial to the admissibility of [a coconspirator's] statements." *Lain*, 246 N.W.2d at 240. This approach is consistent with the majority of jurisdictions. *See generally Instruction or Evidence as to Conspiracy Where There is No Charge of Conspiracy in Indictment or Information*, 66 A.L.R. 1311 (Supp. 2008).

On the question of what constitutes a "conspiracy" sufficient to trigger Iowa Rule of Evidence 5.801(*d*)(2)(E) or its predecessors, this court has articulated varying formulations without a clear definition. In 1976, this court noted in *Lain* that "[w]e are dealing at this point, of course, with proof of a conspiracy to establish admissibility of declarations, not with proof of a conspiracy. . . ." *Lain*, 246 N.W.2d at 240. While in *In re Matter of Scott*, 508 N.W.2d 653, 655 (Iowa 1993), the court indicated that the evidentiary definition of conspiracy was "guided" by the criminal definition. The issue in that case, however, related to the existence of a plan or agreement, not whether the underlying goal of the conspiracy was sufficiently unlawful to trigger the hearsay exception. *Scott*, 508 N.W.2d at 655. In the more recent case of *Ross*, this court adopted a broad definition of conspiracy in the evidentiary context—"a combination or agreement between two or more persons to do or accomplish a criminal or unlawful act, or to do a lawful act in an unlawful manner."

*Ross*, 573 N.W.2d at 914. No Iowa case has specifically addressed the question of whether the evidentiary rule applies only where the conspiracy upon which the admission of the statements is based is to accomplish an aggravated misdemeanor or felony.

Iowa, however, has recognized a cause of action for civil conspiracy. *Basic Chems., Inc. v. Benson*, 251 N.W.2d 220, 233 (Iowa 1977). In order to state a claim for civil conspiracy, it is not necessary that the underlying conduct amount to an aggravated misdemeanor or felony, or even be criminal at all, but only that it be for an unlawful purpose or use unlawful means. *Id.* The teaching of cases from other jurisdictions and legal commentators is that the rule of evidence regarding statements of coconspirators applies in civil as well as criminal settings. *See, e.g.*, *Earle v. Benoit*, 850 F.2d 836, 841 n.6 (1st Cir. 1988); *James R. Snyder Co., Inc. v. Associated Gen. Contractors of Am., Detroit Chapter, Inc.*, 677 F.2d 1111, 1117 (6th Cir.), *cert. denied*, 459 U.S. 1015, 103 S. Ct. 374, 74 L. Ed. 2d 508 (1982); *State v. Cornell*, 842 P.2d 394, 397 n.9 (Ore. 1992); *Danny L. Davis Contractors, Inc. v. Hobbs*, 157 S.W.3d 414, 419 (Tenn. Ct. App. 2004); 2 *McCormick on Evidence* § 259, at 160 (5th ed. 1999) ("The evidence is similarly admissible in civil cases, where the conspiracy rule applies to tortfeasors acting in concert."); Thomas J. Leach, *Civil Conspiracy: What's the Use?* 54 U. Miami L. Rev. 1, 12–13 (1999) (noting that the hearsay rule in Federal Rule of Evidence 801(*d*)(2)(E) applies equally to civil and criminal conspiracies). If the rule applies in civil cases where there is no underlying criminal misconduct at all, it logically follows that the rule applies in criminal cases where the unlawful conduct falls short of an aggravated misdemeanor or felony.

Furthermore, in construing the admissibility of coconspirator statements under Federal Rule of Evidence 801(*d*)(2)(E), the federal

courts have distinguished between the concept of conspiracy for purposes of the rule of evidence and the substantive elements of conspiracy under criminal law. For example, in *United States v. Gil*, 604 F.2d 546, 549 (7th Cir. 1979), the court emphasized the distinction between criminal conspiracy and the coconspirator exclusion to the hearsay rule. *Gil* noted that while criminal conspiracy involves elements more than a mere joint enterprise, the coconspirator exclusion to the hearsay rule is based upon concepts of agency law, may be applied in both criminal and civil cases, and is based on:

> "the common sense appreciation that a person who has authorized another to speak or to act to some joint end will be held responsible for what is later said or done by his agent, whether in his presence or not."

*Gil*, 604 F.2d at 549 (quoting *United States v. Trowery*, 542 F.2d 623, 626 (3d Cir. 1976)).

> The court further noted:
>
> The substantive criminal law of conspiracy, though it obviously overlaps in many areas, simply has no application to this evidentiary principle. Thus, once the existence of a joint venture for an illegal purpose, or for a legal purpose using illegal means, and a statement made in the course of and in furtherance of that venture have been demonstrated by a preponderance of evidence, it makes no difference whether the declarant or any other "partner in crime" could actually be tried, convicted and punished for the crime of conspiracy.

*Id.* at 549–50; *see also Government of Virgin Islands v. Brathwaite*, 782 F.2d 399, 403 (3d Cir. 1986) ("The independent evidence must demonstrate only that a conspiracy or joint undertaking existed; it need not show that the combination of individuals including the defendant or defendants was 'criminal or otherwise unlawful.'" (Citations omitted.)); *United States v. Saimiento-Rozo*, 676 F.2d 146, 149 (5th Cir. 1982) ("Nor

need the conspiracy or agreement be criminal in nature; it may be in the form of a joint venture.").

The language in Iowa Rule of Evidence 5.801(*d*)(2)(E) is identical to Federal Rule of Evidence 801(*d*)(2)(E). While the federal cases are not determinative on questions of state law, we often cite them as persuasive authority regarding the interpretation of an identical Iowa Rule of Evidence. *Matter of Property Seized from DeCamp*, 511 N.W.2d 616, 621 (Iowa 1994); *State v. Florie*, 411 N.W.2d 689, 695 (Iowa 1987).

After review of the above authorities, we are convinced that the definition of "conspiracy" for purposes of Iowa Rule of Evidence 5.801(*d*)(2)(E) is distinguishable from the definition of criminal conspiracy under Iowa Code section 706.1. There is no requirement that the underlying conduct amount to an aggravated misdemeanor or felony for the evidentiary rule to apply.

There is a remaining question, however, regarding whether Iowa Rule of Evidence 5.801(*d*)(2)(E) may be applied to an agreement or joint enterprise where the underlying goal and means used to accomplish the goal are not illegal. The defendants claim there can be no conspiracy to plan a party because the mere planning of a party and sending of invitations are lawful acts and means.

The point is subject to dispute. According to at least one commentator, the term conspiracy as used in the rule of evidence does not depend upon a goal to promote a crime or civil wrong. Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:59, at 478 n.4 (3d ed. 2007) (citing *United States v. Gewin*, 471 F.3d 197, 201 (D.C. Cir. 2006)) (stating exception applies even if venture is lawful). Other authorities suggest that the common understanding of the term "conspiracy" necessarily involves unlawful conduct. *See* Clifford S.

Fishman, *Jones on Evidence* § 27:48, at 566 (7th ed. 1992) ("The essence of a conspiracy is an actual agreement to engage in unlawful conduct.").

A review of Iowa case law reveals that the term "conspiracy" has generally been used in the context of unlawful conduct, whether civil or criminal. More than fifty years ago, this court in *State v. Schenk*, 236 Iowa 178, 18 N.W.2d 169 (1945), quoted with approval a Kentucky case which stated that " 'the broad definition or description everywhere accepted is that conspiracy is a combination between two or more persons to do or accomplish a criminal or unlawful act, or to do a lawful act by criminal or unlawful means.' " *Schenk*, 236 Iowa at 183, 18 N.W.2d at 172 (quoting *Commonwealth v. Donoghue*, 63 S.W.2d 3, 5 (Ky. 1933)); *accord Ross*, 573 N.W.2d at 914; *State v. Blyth*, 226 N.W.2d 250, 263 (Iowa 1975). Furthermore, in common usage, the term conspiracy implies unlawful conduct of some kind and not innocent undertakings. *See Webster's Third New International Dictionary* 485 (unabr. ed. 2002) (defining "conspiracy" as "an agreement . . . to do an unlawful act or use unlawful means to do an act which is lawful"); *Black's Law Dictionary* 329 (8th ed. 2004) (defining "conspiracy" as "[a]n agreement by two or more persons to commit an unlawful act . . .."). As a result, we conclude that Iowa Rule of Evidence 5.801(*d*)(2)(E) may be applied where there is evidence of a conspiracy to accomplish a criminal or unlawful act, or to do a lawful act in an unlawful manner, but not to combinations or agreements in furtherance of entirely lawful goals advanced by lawful means.

Today we decide only the legal question raised by the motion to adjudicate a law point. We do not decide the application of the law, as explained in this opinion, to the facts of this case. Prior to the admission of hearsay evidence under Iowa Rule of Evidence 5.801(*d*)(2)(E) in this or

any other case, the trial court must make a preliminary finding, by a preponderance of evidence, that there was a conspiracy, that both the declarant and the party against whom the statement is offered were members of the conspiracy, and that the statements were made in the course and in furtherance of the conspiracy. *State v. Tangie*, 616 N.W.2d 564, 569 (Iowa 2000).

### IV. Conclusion.

The trial court holding that the State must show a conspiracy to commit an aggravated misdemeanor or felony in order to invoke Iowa Rule of Evidence 5.801(*d*)(2)(E) is reversed. The case is remanded to the district court.

**REVERSED AND REMANDED.**

All justices concur except Baker, J., who takes no part.