# IN THE COURT OF APPEALS OF IOWA

No. 17-1469
Filed September 26, 2018

**STATE FARM INSURANCE,**
    Plaintiff-Appellee,

**vs.**

**CHRISTINE WARTH, as parent of Z.W. and Z.W., a minor child,**
    Defendants-Appellants.

_____

Appeal from the Iowa District Court for Des Moines County, Shawn R. Showers, Judge.

An automobile owner whose minor son crashed into a horse trailer appeals the award of property damages to the insurance company that paid claims to its customer who owned the trailer. **REVERSED AND REMANDED.**

Randy J. Wilharber and Clarissa A. Bierstedt of Peddicord, Wharton, LLP, West Des Moines, for appellant.

Jeremy L. Merrill of Lubinus Law Firm, PLLC, Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Christine Warth gave her minor son permission to drive her Ford Taurus in June 2014. He failed to yield at an intersection on Highway 34 in Burlington and crashed into a horse trailer owned by Sally Prickett and insured by State Farm Insurance (State Farm). In this appeal, Warth challenges the district court's award of $12,373 in damages to State Farm. She alleges the district court improperly admitted several exhibits relied upon to establish the amount of damages to the trailer. Because the exhibits contained inadmissible hearsay and did not fit within the business-records or residual exceptions cited by the district court, we reverse the damage award and remand for further proceedings.

## I.     Facts and Prior Proceedings

On June 7, 2014, Alana McNutt was driving a Dodge Truck and pulling a horse trailer owned by her mother-in-law, Sally Prickett, when the collision occurred. Prickett had purchased an insurance policy from State Farm to cover the trailer. In December 2015, State Farm, as Prickett's subrogee, filed a petition seeking $16,406 in damages from Warth. In June 2017, Warth conceded liability for the accident, leaving the amount of damages as the remaining issue for trial.

At a bench trial in July 2017, plaintiff State Farm called adjuster Lisa Stichter as its only witness. Through Sticher's testimony, State Farm offered two exhibits. Exhibit 1 was an invoice addressed to Prickett from Sam's Body Shop for $2,792 for towing and storage from June 7 to September 22, 2014. Exhibit 2 was an invoice dated July 29, 2014, addressed to Prickett from 4-Star Trailers, Inc. (4-Star), showing an "Estimate Only" of $12,373 for parts and labor. The district court admitted these exhibits over Warth's hearsay and lack-of-foundation objections.

State Farm also presented testimony from Prickett by deposition. Prickett, a veterinarian, testified she designed the four-horse trailer and had it custom made with special features such as a dressing room. Prickett testified although the trailer was built twenty years earlier, it was in "pristine condition" before the collision. Through Prickett's deposition testimony, State Farm offered four additional exhibits.[1] Exhibit 3 included photographs of the damaged trailer. Exhibit 4 was a copy of a cashier's check from Prickett to Sam's Body Shop. Exhibit 5 was a letter dated June 26, 2014, from Ted Nitzel of Central States Trailers (Central States) providing a pre-accident valuation for the 1995 trailer. Exhibit 6 was a letter dated September 19, 2014 from Prickett's attorney to State Farm agreeing to settle her claim for the trailer with State Farm for the sum of $15,903.

On August 9, 2017, the district court entered a trial order on damages, concluding State Farm was "entitled to damages in the amount of $12,373.03 for repair for the trailer." The court decided the remaining amount sought by State Farm was "not reasonable and not supported by the evidence." Warth filed a motion for a directed verdict and a motion to vacate the damage award. The district court reaffirmed its order on damages. The court also noted it was "firmly convinced the Defendant's hearsay objections are subject to the business records exception under Iowa Rule of Evidence 5.803(6) and the residual hearsay exception based on the exhibits' circumstantial guarantees of trustworthiness under Iowa Rules of Evidence [5.807]." Warth now appeals.

---

[1] Warth did not object to admission of Exhibits 3 or 4, but did object to 5 and 6 on the grounds of hearsay and lack of foundation.

## II.    Scope and Standards of Review

We generally review decisions admitting evidence for an abuse of discretion. *State v. Paredes*, 775 N.W.2d 554, 560 (Iowa 2009). But we review hearsay rulings for legal error. *Id.* This standard of review extends to determining whether statements fall within an exception to the general prohibition on hearsay evidence. *Id.* If we find evidence improperly admitted in this nonconstitutional context, we employ a harmless-error analysis. *See State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004).

## III.    Analysis

Warth contends the district court improperly admitted four exhibits:

Exhibit 1:  An invoice directed to Prickett from Sam's Body Shop showing the cost of towing and storage from June 7 to September 22, 2014 totaled $2792.

Exhibit 2: An invoice from [4-Star] estimating the expected cost of parts and labor[2] to fix the horse trailer at $12,373 based on photographs of the damage.

Exhibit 5: A letter dated June 26, 2014 from Ted Nitzel, sales manager for [Central States], opining the 1995 trailer would cost approximately $45,000 to replace and would have had a market value of $21,500 before it received its damage.

Exhibit 6: A letter dated September 19, 2014 from Prickett's attorney to a State Farm claims adjuster confirming their agreement to settle her claim for the trailer for the sum of $15,903.

On appeal, she argues the exhibits contain inadmissible hearsay and do not satisfy the business-records or residual exceptions.[3]  *See* Iowa Rs. Evid. 5.801(c), 5.802,

---

[2] The estimate included eighty hours of labor at $95 per hour and $4390 in parts, plus tax.
[3] It appears Warth's trial objection to lack of foundation referred to the "foundational requirements" necessary to admit hearsay evidence under the business-records exception. *See State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008) (discussing five elements under Iowa Rule of Evidence 5.803(6)).

5.803(6),[4] 5.807.[5]   State Farm acknowledges Warth preserved her hearsay objections at trial, but contends we need not address her argument concerning Exhibit 1 because the district court declined to award the damages reflected in that invoice.  We agree with State Farm on this point, and will only address Warth's claims concerning Exhibits 2, 5, and 6.

---

[4] Iowa Rule of Evidence 5.803(6) provides:
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . .
> (6) *Records of a regularly conducted activity.* A record of an act, event, condition, opinion, or diagnosis if:
>> (A) The record was made at or near the time by—or from information transmitted by—someone with knowledge;
>> (B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>> (C) Making the record was a regular practice of that activity;
>> (D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with rule 5.902(11) or rule 5.902(12) or with a statute permitting certification; and
>> (E) The opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

[5] Iowa Rule of Evidence 5.807 provides:
> a. *In general.* Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in rule 5.803 or 5.804:
>> (1) The statement has equivalent circumstantial guarantees of trustworthiness;
>> (2) It is offered as evidence of a material fact;
>> (3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>> (4) Admitting it will best serve the purposes of these rules and the interests of justice.
> b. *Notice.* The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. *Id.* r. 5.801(c). Hearsay is not admissible unless it is exempt from the rule or falls within one of the exceptions. *Id.* r. 5.802. In overruling Warth's hearsay objections to the three exhibits at issue, the district court cited rules 5.803(6) and 5.807—the exceptions for records kept in the regular course of business and the residual exception. We will review the admissibility of the three exhibits under those two exceptions.

Admissibility under rule 5.803(6) flows from the guarantees of reliability and trustworthiness usually associated with business records.[6] *State v. Propps*, 376 N.W.2d 619, 620 (Iowa 1985). To admit the records under this rule, State Farm was required to satisfy the following foundational elements:

1) That [they were] business record[s];
2) That [they were] made at or near the time of an act;
3) That [they were] made by, or from information transmitted by, a person with knowledge;
4) That [they were] kept in the course of a regularly conducted business activity;
5) That it was the regular practice of that business activity to make such a business record.

*See Reynolds*, 746 N.W.2d at 841. "[T]he specific person who created the record in the course of business need not testify to lay the foundation for the business

---

[6] Professor Laurie Kratky Doré articulates the reasoning behind the exception:

> Reliability of the records is suggested by several factors: regular preparation of records by persons who have a duty to compile accurate records (persons whose continued employment may depend on accuracy); use and reliance by the entity on the records for its own continuing existence; and the potential for disclosure of errors in the records through normal business routines.

7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.803:6 (2017).

records exception . . . ." *Id.* at 843. But the party offering the evidence must show it was made in the regular course of the business conducted by the record creator, at or reasonably near the time of the act or event discussed, and using standard procedures that reasonably indicate the information's trustworthiness. *Id.*

Warth complains State Farm did not call any witness with knowledge of the creation of the disputed records to meet the exception. The only two witnesses were State Farm auto claims adjuster Lisa Marie Stichter and trailer owner Sally Prickett. Stichter testified she saw Exhibit 2, the invoice from 4-Star, when she reviewed the insurance file. When asked if her review of the file led her to the opinion that "State Farm followed standard industry practices in paying out this claim," Stichter responded: "Yes." But Stichter also acknowledged State Farm did not write its own repair estimate because of the specialty nature of the horse trailer. Stichter was not sure if State Farm or Prickett contacted 4-Star for the repair estimate, but speculated: "If we couldn't write it, we more than likely told her, you know, to assist us, perhaps, with getting an estimate. If we were not able to write it, we would a lot of times request the insured to do that." On cross examination, Stichter acknowledged she did not have conversations with any 4-Star employees regarding the repair estimate in Exhibit 2 and was not aware if the damaged trailer was towed to the location of that business for inspection. The district court admitted Exhibit 2 during Stichter's testimony.

But State Farm argues on appeal it provided the proper foundation for the 4-Star invoice through Prickett's deposition testimony. State Farm asserts Prickett offered "her own personal knowledge" that the repair estimate was based on photographs sent by State Farm and "her personal conversation with 4-Star

Trailers." Prickett testified: "To my knowledge, they never came and saw the trailer, so they would have had to go off, I guess, the photographs." When asked if she recalled the process for obtaining the estimate she replied: "I really didn't have anything to do with this." When further prompted, Prickett testified she had talked to someone at 4-Star to explain the damage she had seen to the trailer. She did not provide the name of the person or any information regarding how 4-Star derived its repair estimate.

The fighting question on appeal is whether Prickett's testimony concerning her conversation with an unnamed 4-Star employee before the company issued its repair estimate satisfied the personal-knowledge requirement of the business-records exception. We conclude her testimony was not sufficient to show the reliability or accuracy of the record generated by 4-Star. To be admissible, a business record must be created by someone with knowledge or compiled from information transmitted by someone with knowledge; in addition, the necessary conditions must be shown by testimony of the records custodian or "another qualified witness." Iowa R. Evid. 5.803(6).[7] As a third party seeking a repair estimate from 4-Star, Prickett did not profess to have knowledge of how the business created or kept the record at issue. Nothing in Prickett's testimony points to regular preparation of such records by 4-Star employees with a duty to do so or the company's reliance on their accuracy. Without those indicia of reliability, the

---

[7] "In 2009, the business records rule was amended to permit its foundation to be laid by pre-trial certification complying with the authentication Rules 5.902(11) or 5.902(12), or a statute permitting certification." Doré, *supra*, § 5.803:6. State Farm does not assert such pre-trial certification occurred here.

exhibit did not fit within the business-records exception. *See Quality Egg, L.L.C. v. Hickman's Egg Ranch*, No. 16-1403, 2017 WL 2182728, at *2–3 (Iowa Ct. App. May 17, 2017) (reversing damage award because summary exhibit offered by chief financial officer showing credits given to grocery store chain was hearsay and did not satisfy business-records exception).

Turning to Exhibit 5, Prickett testified State Farm asked her to obtain an estimate of the trailer's value before the damage and she did so by contacting Central States, a large dealership in Oklahoma. The letter from sales manager Nitzel is hearsay and is not admissible under the business-records exception without testimony from a person with knowledge of how the company keeps its records. *See State v. Wright*, 367 N.W.2d 269, 271 (Iowa Ct. App. 1985) (holding evidence presented by complaining party in theft case who sent inquiry to defendant's former employer was not sufficient to establish responsive letter was a business record of the former employer). Prickett reached out to Central States, but acknowledged having no role in preparing the valuation letter. Her testimony was not sufficient to establish the letter was a business record of Nitzel's employer. *See id.*

As for Exhibit 6—the September 2014 letter from Prickett's attorney to State Farm confirming a $15,903 settlement—the parties offer little, if any, analysis on its admissibility. Warth asserts it is unclear if it was admitted during Prickett's deposition or considered by the district court. Warth nevertheless argues it constitutes inadmissible hearsay. State Farm does not mention Exhibit 6 specifically in its business-records argument. Accordingly, we decline to find it was properly admitted as a business record.

As an alternative ground for admission of State Farm's exhibits, the district court cited the residual exception. *See* Iowa R. Evid. 5.807. The residual exception justifies the admission of hearsay only in exceptional circumstances. *State v. Kone*, 557 N.W.2d 97, 101 (Iowa Ct. App. 1996). The proponent of evidence relying on this catch-all exception must satisfy five requirements: trustworthiness, materiality, necessity, service of the interests of justice, and notice. *State v. Rojas,* 524 N.W.2d 659, 662–63 (Iowa 1994). The proponent's failure to meet any one of the five requirements precludes admission of the evidence. *Id.* And it is not enough, as the district court did here, to mention in passing the application of the residual exception. The district court must "make specific findings on the record regarding these requisite elements." *Kone*, 557 N.W.2d at 100–01 (Iowa Ct. App. 1996). In doing so, the court must perform the "detailed weighing and balancing required to satisfy the residual [exception's] exacting specifications." *Id.* (quoting *State v. Brown,* 341 N.W.2d 10, 14 (Iowa 1983)). The district court's terse statement that "the exhibits' circumstantial guarantees of trustworthiness" justified their admission under the residual exception was not detailed enough to support its decision. Even if the district court had been more specific, we cannot conclude the exhibits carry sufficient circumstantial guarantees of trustworthiness to be admissible under the residual exception. For instance, Exhibit 2, the repair estimate adopted by the district court's order for damages, does not fully identify the declarant—listing the author of the invoice only as "Billy." *See* Iowa R. Evid. 5.807 ("The statement is admissible only if . . . the proponent gives an adverse party reasonable notice . . . including the declarant's name and address . . . .").

Because State Farm's exhibits proving the amount of damages to the horse trailer contained hearsay and were not admissible under the business-records or residual exceptions, we grant Warth's request for relief. We set aside the award and remand for a new trial to determine the amount of damages.

**REVERSED AND REMANDED.**