**STATE of Iowa, Appellee,**

v.

**Rene ROJAS, Appellant.**

**No. 93–380.**

Supreme Court of Iowa.

Nov. 23, 1994.

Rehearing Denied Dec. 20, 1994.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Carol J. Chase, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, ANDREASEN and TERNUS, JJ.

ANDREASEN, Justice.

The issue in this appeal is whether the court properly admitted a social worker's videotaped interview of a child sex abuse victim under Iowa Rule of Evidence 803(24) and Iowa Code section 910A.14(3) (1991) after the victim recanted her videotaped statements at trial. The district court found the defendant guilty of the criminal charges and entered judgment and sentence. The defendant's appeal was transferred to the Iowa Court of Appeals which affirmed the judgments. We granted defendant's application for further review. We now affirm the decision of the court of appeals and the district court judgments.

I. *Background.*

Rene Rojas was charged and convicted in a bench trial of three counts of sexual abuse in the second degree and one count of indecent contact with a child for abusing his ten-year-old daughter B.R. *See* Iowa Code §§ 709.3(2) and 709.12. Rojas was also charged and convicted of four counts of sexual abuse in the second degree for abusing A.M., the eight-year-old daughter of his longtime companion, Eva Farias. The two cases were consolidated for trial. Rojas appeals only the convictions relating to B.R.

During the investigation of the abuse, B.R. was interviewed by a social worker, Katie Boley. The interview was videotaped. B.R.

was also given a medical exam for signs of sexual abuse. The examining doctor opined that B.R.'s hymen had been penetrated repeatedly with an object as large as a finger or an erect male penis and that her rectum had also most likely been penetrated. The doctor did not ask about the abuse in the course of the examination because B.R. had already been interviewed by Boley.

At trial A.M. testified that Rojas had abused her on numerous occasions and that she had seen Rojas on top of B.R., but she could not remember whether their clothes were on or off. When B.R. testified, she recanted her previous allegations that her father was the one who abused her. She testified that her cousin Pepe had abused her, not her father. B.R. admitted she told Boley that her father had touched her. She said she had not told the truth because Eva's mother had threatened her. Rojas testified that Eva's mother was mad at him for. beating up Eva, so she threatened both girls, telling them to falsely accuse him of sexual abuse.

Seven days before the trial the State filed a notice of its intent to use hearsay and videotape evidence at trial pursuant to Iowa Rule of Evidence 803(24) and Iowa Code section 910A.14(3) (1993). Finding the videotape to be trustworthy, the court admitted it under the residual exception to the hearsay rule. Rojas appeals the court's decision.

## II. *Scope of Review.*

■ We generally review the admissibility of evidence under rule 803(24) for abuse of discretion. *State v. Brown,* 341 N.W.2d 10, 21 (Iowa 1983) (Larson, J., dissenting). Our review of Rojas' Sixth Amendment right to confrontation claim, however, is de novo. *State v. Gregg,* 464 N.W.2d 431, 432 (Iowa 1990).

## III. *Turecek Violation.*

■ Rojas argues that the State committed a *Turecek* violation by calling B.R. to testify, knowing she would recant her allegations, solely for the purpose of admitting the videotape interview to impeach her recantation. *See State v. Turecek,* 456 N.W.2d 219, 225 (Iowa 1990) ("The State is not entitled

... to place a witness on the stand who is expected to give unfavorable testimony and then, in the guise of impeachment, offer evidence which is otherwise inadmissible."); *State v. Tracy,* 482 N.W.2d 675, 679–80 (Iowa 1992) (admission of alleged victim's testimony to impeach recantation of her prior allegations of sexual abuse was reversible error). There is no *Turecek* violation here because we find the videotape was admissible under rule 803(24). Therefore, it would have been admissible regardless of whether B.R. testified. As a result, it was not admitted to impeach B.R.'s testimony. Rather, it was offered as admissible direct evidence of sexual abuse.

## IV. *Residual Exception.*

■ Rojas argues that the videotape was improperly admitted under the residual exception to the hearsay rule in Iowa Rule of Evidence 803(24). The rule provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(24) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

The requirements for admissibility under the residual exception are five-fold: trustworthiness, materiality, necessity, service of the

interests of justice, and notice. *Brown*, 341 N.W.2d at 14.

■ Iowa Code section 910A.14(3) makes special provision for admission of recorded statements of children describing sexual abuse. The statute provides:

The court may upon motion of a party admit into evidence the recorded statements of a child, as defined in section 702.5, describing sexual contact performed with or on the child, not otherwise admissible in evidence by statute or court rule if the court determines that the recorded statements substantially comport with the requirements for admission under Iowa rules of evidence, 803(24) or 804(b)(5).

We read section 910A.14(3) as making it clear that the residual exception to the hearsay rule may be used to admit statements made by a child sex abuse victim when the requirements of the exception are met. The statute does not change the analysis under rule 803(24).

A. Trustworthiness.

■ Upon review of the videotape, we believe it has sufficient circumstantial guarantees of trustworthiness. The interviewer asked B.R. open-ended, non-leading questions. *See United States v. Grooms*, 978 F.2d 425, 427 (8th Cir.1992) (open-ended questions asked by interviewing agent supported circumstantial guarantees of trustworthiness). When B.R. said that her father had done bad things, Boley asked "What kind of bad things?" B.R. responded, "He put his thing on my thing." B.R. said she called her "thing" a "vagina" and her father's "thing" a "penis." Boley did not use the word "vagina" and "penis" in the interview until after B.R. supplied them. Boley also asked questions such as "How were your clothes" to which B.R. answered that her shirt was on, but her pants and underwear were down. In response to non-leading questions, B.R. also told her how her father's clothes were and that she had seen something white on her vagina which came from her father's penis. The non-leading questions Boley asked were not the kind that would prompt a child to fabricate the responses B.R. gave. *See State v. Larson*, 472 N.W.2d 120, 126 (Minn.1991),

*cert. denied*, 502 U.S. 1071, 112 S.Ct. 965, 117 L.Ed.2d 131 (1992). In addition to providing a fairly detailed account of the abuse itself, B.R. remembered details such as where other family members were when the abuse occurred. *See State v. Lonergan*, 505 N.W.2d 349, 355 (Minn.App.1993) (child's good memory of details is a circumstantial guarantee of trustworthiness). B.R. also indicated that sometimes her vagina hurt when she went to the bathroom.

■ B.R.'s videotaped statements and descriptions about the abuse have a ring of veracity.. *See Grooms*, 978 F.2d at 427 (citing *United States v. Nick*, 604 F.2d 1199, 1204 (9th Cir.1979)). The descriptions she gave, such as something white coming from her father's penis, are beyond the experience of the average ten-year-old. *See State v. Sorenson*, 143 Wis.2d 226, 249, 421 N.W.2d 77, 86 (1988) ("A young child is unlikely to fabricate a graphic account of sexual activity because it is beyond the realm of his or her experience."). Her statements were consistent throughout the interview. *See Doe v. United States*, 976 F.2d 1071, 1079 (7th Cir. 1992) (reliability is generally enhanced when a child consistently repeats statement). We also note that the videotape is more reliable than many other forms of hearsay because the trier of fact could observe for itself how the questions were asked, what the declarant said, and the declarant's demeanor.

B. Other Requirements.

■ Because the videotape contained B.R.'s statement that Rojas sexually abused her, the materiality requirement is clearly met. Also, because the statement was the best direct evidence implicating Rojas as B.R.'s abuser, it was the most probative evidence linking Rojas to the crime. *See Brown*, 341 N.W.2d at 24 (Larson, J., dissenting). We are also satisfied that admitting the evidence serves the interests of justice. The appropriate showing of reliability and necessity were made, and admitting the evidence advances the goal of truth-seeking expressed in Iowa Rule of Evidence 102. *See id.* Rojas also received adequate notice of the State's intention to use the videotape

at trial. We find the videotape was admissible under rule 803(24).

## V. *The Confrontation Clause.*

The hearsay rule and the Confrontation Clause are generally designed to protect similar values, but are not to be equated with each other. *Idaho v. Wright,* 497 U.S. 805, 814, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638, 651 (1990). The United States Supreme Court set forth the approach for determining when statements admissible as an exception to the hearsay rule also meet the requirements of the Confrontation Clause in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The Confrontation Clause restricts the range of admissible hearsay in two separate ways. First, because of its preference for face-to-face accusation, the Clause establishes a rule of necessity, which requires the prosecution to "either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Id.* at 65, 100 S.Ct. at 2538, 65 L.Ed.2d at 607. Second, once a witness is shown to be unavailable, the Clause permits "only hearsay marked with such trustworthiness that there is no material departure from the reason of the general rule." *Id.* at 65, 100 S.Ct. at 2539, 65 L.Ed.2d at 607 (citation omitted). In other words, the statement must bear adequate indicia of reliability to be admissible. *Id.*

The Confrontation Clause was satisfied here because the hearsay declarant actually testified in court and was available to be cross-examined. *See Grooms,* 978 F.2d at 428; *United States v. Spotted War Bonnet,* 933 F.2d 1471, 1473 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1187, 117 L.Ed.2d 429 (1992). B.R. testified that she had lied to Boley and explained why she had lied. Although mere physical presence of the declarant is not sufficient to satisfy the Constitutional requirement, a perfectly satisfactory cross-examination is not required. *Spotted War Bonnet,* 933 F.2d at 1474. When examining whether the live testimony of a given witness satisfies the Clause, the question is "whether there is an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* (citation omitted). The trier of fact's decision to believe B.R.'s prior statements rather than her testimony at trial did not violate Rojas' right to confrontation.

Even if B.R. had not testified at trial, we believe the videotape contained sufficient indicia of reliability to satisfy the Constitutional requirement. Reliability for purposes of the right to confrontation is inferred if the statement falls within a firmly rooted exception to the hearsay rule, but otherwise evidence must be excluded unless the State makes a showing of "particularized guarantees of trustworthiness." *Roberts,* 448 U.S. at 65, 100 S.Ct. at 2539, 65 L.Ed.2d at 607; *Wright,* 497 U.S. at 816, 110 S.Ct. at 3147, 111 L.Ed.2d at 653. In *Wright* the Court held the residual exception is not a firmly rooted exception to the hearsay rule, therefore it does not share the same tradition of reliability that firmly rooted exceptions have. *Wright,* 497 U.S. at 817, 110 S.Ct. at 3147–48, 111 L.Ed.2d at 653.

There is no fixed test for admission of a child's statement regarding sexual abuse under the Confrontation Clause. *Id.* at 818, 110 S.Ct. at 3148, 111 L.Ed.2d at 654. Instead, whether the statement contains "particularized guarantees of trustworthiness" must be drawn from the totality of the circumstances that surround the making of the statement and that render the declarant particularly worthy of belief. *Id.* at 820, 110 S.Ct. at 3149, 111 L.Ed.2d at 655–56. Corroborative evidence may not be considered in making this determination. *Id.* at 822–23, 110 S.Ct. at 3150, 111 L.Ed.2d at 657.

In *Wright,* the Court suggested factors which may be considered in analyzing whether the hearsay statement has the requisite indicia of reliability, but specifically declined to endorse a mechanical test for assessing trustworthiness. Courts have considerable leeway to consider other appropriate factors on a case-by-case basis. *Id.* at 822–23, 110 S.Ct. at 3150, 111 L.Ed.2d at 657. The unifying principle in factors appropriate for consideration is that they "relate to whether the child declarant was particularly likely to be

telling the truth when the statement was made." *Id.* at 822, 110 S.Ct. at 3150, 111 L.Ed.2d at 656.

On reviewing the videotape for Confrontation Clause purposes, we find it has the necessary guarantees of trustworthiness. Although we do not equate the Constitutional requirement with the hearsay rule, in this case we believe the reasons supporting our finding that the videotape was trustworthy for rule 803(24) purposes also support our finding that there was sufficient indicia of reliability to satisfy the requirements of the Confrontation Clause.

For the foregoing reasons, we affirm.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

All Justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I dissent. I am not disposed to invoke the residual hearsay exception in instances in which the declarant has testified personally at trial.