STATE of Iowa, Plaintiff–Appellee,

v.

Michael J. KONE, Defendant–Appellant.

No. 95–0811.

Court of Appeals of Iowa.

Feb. 26, 1997.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Assistant State Appellate Defender, for defendant-appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano and Karen Romano, Assistant County Attorneys, for plaintiff-appellee.

Considered by HABHAB, C.J., and CADY and VOGEL, JJ.

HABHAB, Chief Judge.

On September 30, 1996, this court affirmed in part the conviction of defendant Michael J. Kone for second-degree murder of Jeffrey Thomas in violation of Iowa Code sections 707.1 and 707.3 (1993). We retained jurisdiction and remanded the case to the trial court for the limited purpose of specifying how Jana Close's statements in a taped interview met the five requirements of admissibility of hearsay evidence under Iowa Rule of Evidence 803(24).

■ Our supreme court has set forth five requirements which must be satisfied to admit hearsay evidence under this rule in *State v. Weaver*, 554 N.W.2d 240 (Iowa 1996) and *State v. Rojas*, 524 N.W.2d 659 (Iowa 1994). The requirements for admitting hearsay evidence under rule 803(24) are: (A) trustworthiness, (B) materiality, (C) necessity, (D) service of the interests of justice, and (E) notice. *Weaver*, 554 N.W.2d at 247; *Rojas*, 524 N.W.2d at 662–63. On October 14, 1996, the trial court filed detailed findings of fact supporting the admissibility of Close's taped interview.

■ The court has broad discretion in ruling upon an evidentiary issue, including the admissibility of evidence under rule 803(24). *Weaver*, 554 N.W.2d at 247. Our standard of review is for an abuse of discretion. *Id.*

■ Upon review of the record and the findings of the trial court, we find the court did not abuse its discretion in concluding the taped interview of Close was admissible hearsay evidence.

*A. Trustworthiness.* In *Weaver*, the supreme court listed several factors to be considered in analyzing the trustworthiness of hearsay evidence. *Id.* at 248. In this case several of those factors have been satisfied. The district court found Close had personal knowledge of the information she was providing because Kone had made many of the statements directly to her. Close's taped statements were made within hours of Kone's arrival at her home and his statements to her regarding the murder of Jeffrey Thomas. Close's statements were in response to open-ended, non-leading questions asked by the interviewing officer. Her answers were unambiguous. Finally, Close was available for cross-examination at trial.

*B. Materiality.* Close's taped statements contained her accounts of Kone's incriminating statements and actions involving the murder of Thomas. Her statements detail many of Kone's actions, including an admission to her that he killed Thomas and his request for her assistance in disposing of the body.

*C. Necessity.* Close's taped interview provided probative evidence of Kone's actions on the night of October 4, 1994. The trial court found that because Close later recanted her statements made in the interview, the admission of the tape was the only means by which the State could introduce the information it had received from Close.

*D. Interests of Justice.* The admission of Close's statement advances the goal of truth-seeking expressed in Iowa Rule of Evidence 402. The trial court concluded the content of Close's statements, the circumstances surrounding Kone's arrival at her home, and the trustworthiness of her state-

ments advanced the interests of justice in this case.

*E. Notice.* Close received adequate notice of the State's intent to use her statements at trial. On February 16, 1995, the State filed a notice of intent to offer Close's taped interview as hearsay evidence. A pretrial hearing was attended by both parties at which the interview was admitted into evidence.

We find the five criteria for admitting hearsay evidence under rule 803(24) have been satisfied. We affirm the trial court's finding that Close's taped statement was admissible under rule 803(24). We conclude the trial court did not abuse its discretion in admitting the taped statement.

The conviction of Michael J. Kone is affirmed.

**AFFIRMED.**