**STATE of Iowa, Plaintiff–Appellee,**

v.

**James Floyd SEE II, Defendant–Appellant.**

**No. 10–1643.**

Court of Appeals of Iowa.

Sept. 8, 2011.

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich and Laura M. Roan, Assistant Attorneys General, and Steven E. Goodlow, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., VAITHESWARAN, J., and MILLER, S.J.*

VAITHESWARAN, J.

James See II appeals his judgment and sentence for three counts of second-degree sexual abuse. He contends his trial attorney was ineffective in failing to challenge the "carbon-copy" marshaling instructions for each of the three counts.

## I. Background Facts and Proceedings

L.B., who was ten years old at the time of trial, reported at least three different types of sexual acts committed by her mother's live-in boyfriend, James See II, when she was seven or eight years old.

The State's trial information did not specify the nature of each sex act. It simply stated for each of three counts, "Between 2007 and 2008 in Monroe County, Iowa the defendant did: commit sexual abuse in the second degree on a person under the age of twelve." Nonetheless, See subsequently learned of the specific acts that formed the basis of each count, and witnesses testified to each act at trial.

Following trial, the district court gave the jury an identical marshaling instruction for each count of second-degree sexual abuse. The instruction read as follows:

In order to prove James Floyd See, II guilty of Sexual Abuse in the Second Degree as charged in Count [I, II, or III] of the Trial Information, the State must prove all of the following elements.

1. Between 2007 and 2008, in Monroe County, Iowa, James Floyd See, II performed a sex act with [L.B.]

2. At the time, [L.B.] was under the age of 12 years.

If the State has proven all of the elements, the defendant is guilty of Sexual Abuse in the Second Degree as charged in Count [I, II, or III]. If the State has failed to prove either of the elements, the defendant is not guilty under Count [I, II, or III].

The court also defined "sex act" for the jury and informed the jury it was to consider each count against See separately. Finally, in closing arguments, the prosecutor and defense attorney identified the acts which constituted the basis of each count.

The jury found See guilty on each of the three counts submitted to it. See filed a motion in arrest of judgment and a motion for new trial, both of which were denied. See appealed after sentence was imposed.

## II. Analysis

■ See's attorney did not object to the undifferentiated marshaling instructions. See contends this omission amounted to ineffective assistance of counsel.[1] While we normally preserve ineffective-assistance-of-counsel claims for postconviction relief proceedings, "[w]e will not ... preserve a defendant's ineffective-assistance-of-counsel claim and we will affirm the defendant's conviction on direct appeal if the appellate record shows as a matter of law the defendant cannot prevail on such a claim." *State v. Shanahan*, 712 N.W.2d 121, 136 (Iowa 2006). "The record allows us to address this claim on direct appeal." *Id.* at 140. Our review is de novo. *State v. Martin*, 704 N.W.2d 665, 668 (Iowa 2005).

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2011).

1. See concedes he is not challenging "the identical nature of the counts as presented in the trial information, as the minutes of testimony and additional discovery undertaken in this case likely would have provided adequate notice regarding the allegations."

To prevail, See must show that (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Under the prejudice prong, See must show a reasonable probability that, but for counsel's omission, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■ To avoid a violation of a criminal defendant's right to due process of law, an indictment or trial information and its accompanying minutes of evidence that charges a defendant with multiple counts of the same crime should in some manner differentiate among the charges. *See Valentine v. Konteh,* 395 F.3d 626, 630–31 (6th Cir.2005). Instructions to the jury should similarly differentiate among the charges. *See id.* at 628, 631 (finding a violation of "Valentine's rights to notice and his right to be protected from double jeopardy" where the prosecution did not distinguish the underlying "factual bases of these charges in the indictment, in the bill of particulars, or even at trial"). In this case, neither the trial information itself nor the jury instructions did so. Assuming without deciding that counsel breached an essential duty in failing to object to the undifferentiated jury instructions, we nonetheless conclude See cannot establish *Strickland* prejudice.

The minutes of evidence that accompanied the trial information combined with the discovery that was conducted provided See with adequate notice that he was charged with three distinct and different types of acts of sexual abuse. Additionally, the jury heard testimony from L.B. and a forensic interviewer about three separate incidents. *See State v. Dombos,* 143 N.M. 668, 180 P.3d 675, 681–82 (N.M.Ct.App. 2008) (rejecting challenge to "carbon copy" kidnapping instructions where each kidnapping conviction was supported by separate factual basis). Third, the jury was instructed that it needed to make a separate decision on each count. The jury was specifically advised that if it found See "not guilty or guilty on any one count" it could not "automatically conclude guilt or absence of guilt on the others." *See id.* at 682 ("[T]he direction from the trial court explained to the jury that it was required to find two different incidents in order to convict on both counts."). Finally, the closing arguments of both the prosecution and the defense, arguments which followed the court's instructions to the jury, were in complete agreement in relating each of the three separate and distinct alleged acts of sexual abuse to each of the three separate marshaling instructions.

Under these circumstances, See had adequate notice of what he was to defend against, he was not exposed to any danger of double jeopardy, and there existed no reasonable possibility of jury confusion. We conclude See suffered no prejudice from the breach of duty, if any, by defense counsel. That said, the better practice would be to differentiate the marshaling instructions where possible.

We affirm See's judgment and sentence.

**AFFIRMED.**