# IN THE COURT OF APPEALS OF IOWA

No. 4-023 / 13-0245
Filed March 12, 2014

JAMES FLOYD SEE II,
　　　　Applicant-Appellant,

vs.

STATE OF IOWA,
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Monroe County, Lucy J. Gamon,

Judge.


　　　　James See II appeals from the dismissal of his application for

postconviction relief. **AFFIRMED.**



　　　　Amanda Demichelis of Demichelis Law Firm, P.C., Chariton, for appellant.

　　　　Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, and Steven E. Goodlow, County Attorney, for appellee State.



　　　　Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

James See II appeals from the dismissal of his application for postconviction relief. He argues he was provided with ineffective assistance of counsel in several ways. First, he argues his trial and postconviction counsel were ineffective in failing to object (or raise in postconviction proceedings the failure to object) to statistical evidence and leading questions. Next, he argues the postconviction court erred in ruling he was not provided ineffective assistance by counsel's failure to object to hearsay, failure to object to a juror statement during voir dire, and by counsel giving improper advice regarding his motion in arrest of judgment. Finally, See argues postconviction and trial counsel provided ineffective assistance by failing to argue the cumulative effect of these errors was prejudicial. We affirm, finding See does not show he was prejudiced regarding the admission of the statistical evidence, the record is insufficient to determine his claim regarding leading questions, the hearsay evidence was cumulative, he does not show he was prejudiced regarding the admission of the juror statement or by the motion in arrest of judgment, and his cumulative error argument is without merit.

## I.    Facts and Proceedings

This is the second time we have heard See's case on appeal. *State v. See*, 805 N.W.2d 605 (Iowa Ct. App. 2011). In his prior appeal, we considered whether his counsel breached an essential duty in failing to object to marshalling instructions. *Id.* We concluded he could not establish prejudice for his claim and affirmed his conviction. *Id.* at 607. Once again, we are asked by See to evaluate

his counsel's performance at trial (and, in turn, his postconviction counsel's arguments regarding trial counsel's performance).

See was charged with three counts of second-degree sexual abuse of a child. Prior to trial, See entered an *Alford* plea[1] to two counts of second-degree sexual abuse. He filed a motion in arrest of judgment, and the court allowed him to withdraw the plea and proceed to trial. The child, a DHS worker, a police officer, a child protective center medical examiner, the child's mother, See, a doctor, and another forensic interviewer testified. See moved for judgment of acquittal, which was denied. He was found guilty on all three counts. After, he filed a motion for new trial and a motion in arrest of judgment; both were denied.

After his unsuccessful direct appeal to our court, See filed an application for postconviction relief on December 11, 2011. He argued four claims of ineffective assistance of counsel before the postconviction judge: 1) improper advice to withdraw his *Alford* plea, 2) failure to object to a juror's negative comment during voir dire, 3) failure to object to a jury instruction, and 4) failure to object to hearsay testimony. The application was denied and See appeals, adding two claims of ineffective assistance of postconviction counsel to the claims he raised in the district court.

## II. Analysis

All of See's postconviction claims relate to his constitutional right of effective representation. Our review is therefore de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). See must establish both that his counsel breached an essential duty and prejudice resulted. *Id.* at 866. We may affirm if

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

either element is lacking. *Id.* The essential-duty prong requires See to prove his counsel performed below the standard of a reasonably competent attorney; we start from the presumption that counsel performed competently. *Id.* To show prejudice resulted, See must show that his counsel's errors were so serious as to deprive him of a fair trial. *Id.* The same standards of representation apply to postconviction counsel as to trial counsel. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

    *A. Postconviction and trial counsel's failure to object to evidence.*

       1.    *Statistical evidence.* See's first argument is that his trial counsel should have objected to (and postconviction counsel should have raised trial counsel's failure to object to) expert testimony regarding the statistical incidence of visible injury on victims of sexual abuse. The statistic, presented by a pediatric nurse practitioner (the child protective center medical examiner), was that ninety-five percent of alleged sexual abuse victims do not show physical injuries. See argues this evidence was irrelevant and prejudicial. He provides no explanation how the statistic prejudiced him, stating that "By allowing this statistical information to be entered into evidence without objection or sufficient cross-examination or foundation breached an essential duty which was prejudicial to See." This conclusory assertion of prejudice, especially when we are presented with this issue for the first time on appeal, is insufficient to support his claim of ineffective assistance of counsel. *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002).

       2.    *Leading questions.* See next argues he was provided with ineffective assistance of counsel when his trial attorney failed to object to leading

questioning of the child by the prosecutor (and ineffective assistance of postconviction counsel for failing to raise this issue below). See admits that our rules regarding leading questions are looser when the witness is a child and that his counsel did actually object at one point and the objection was sustained. This court could imagine several reasons why a defense counsel would not want to continually object during the testimony of a child alleging sexual abuse. We therefore conclude the record before us is insufficient to decide this issue for the first time on appeal. *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance.").

*B. Trial counsel's failures.*

1. *Hearsay.* See argues his trial counsel was ineffective in failing to object to rebuttal testimony by the child's forensic examiner that related the child's statements during examination. These statements detailed where and how the abuse occurred. The forensic examiner also described the child's drawings of the details of the abuse.

The State argues this evidence was admissible because our courts have, in certain cases, found reports by a child to a social worker to fall under our hearsay exception for medical diagnosis or treatment. *See State v. Hildreth*, 582 N.W.2d 167, 169 (Iowa 1998). However, we need not address these issues because even if the testimony was hearsay, we will find no prejudice where the challenged evidence was merely cumulative. *Id.* at 170.

The child testified extensively to the details surrounding the abuse. On redirect she also testified about communicating those details to the forensic

interviewer through drawings. We conclude the repetition of this testimony by the forensic examiner was cumulative and therefore See cannot demonstrate he was prejudiced to the extent he was denied a fair trial by its admission into evidence. *See Lamasters*, 821 N.W.2d at 862.

       2.    *Juror statement.* See next argues his counsel should have objected to or used a strike on a juror who, when asked about whether he would be concerned about a defendant's decision not to testify, asked, "Well, what would be the reason why you wouldn't want him to testify?" and "Why would you not want him to testify, just to keep him from being cross-examined?" See ultimately did testify at trial, and See points to no specific prejudice to support his argument that his counsel's failure to strike the juror or object to the juror's two questions constituted ineffective assistance. Again, a conclusory statement of prejudice is insufficient to support a claim of ineffective assistance of counsel. *Myers*, 653 N.W.2d at 579.

       3.    *Motion in arrest of judgment.* Next, See argues his counsel provided ineffective assistance in allowing See to withdraw his *Alford* plea. See knew of the consequences of withdrawing his plea and made the decision to go forward with trial anyway. See argues his counsel was somehow ineffective by filing the motion in arrest of judgment because the motion should not have been granted absent a defect in the pleading. However, the State notes, and we agree, that the court treated See's desire to withdraw his plea as a motion to withdraw his plea, which it can grant at any point before judgment is entered. Iowa R. Crim P. 2.8(2)(a). See's argument is without merit.

Because we find none of his individual points of error have merit, we conclude See's cumulative error argument is likewise without merit.

**AFFIRMED.**