# IN THE SUPREME COURT OF IOWA

No. 19–0603

Filed January 31, 2020

**STATE OF IOWA,**

Appellant,

vs.

**DEWAYNE MICHAEL VEVERKA,**

Appellee.

Discretionary review from the Iowa District Court for Jasper County, Thomas P. Murphy, Judge.

Discretionary review of pretrial order excluding from evidence forensic interview of alleged child sex abuse victim. **ORDER VACATED AND REMANDED.**

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Scott Nicholson, County Attorney, and Peter W. Blink, Assistant County Attorney, for appellant.

Theresa R. Wilson, Assistant Appellate Defender, for appellee.

**McDONALD, Justice.**

Dewayne Veverka was charged with three counts of sexual abuse in the third degree, in violation of Iowa Code sections 709.1 and 709.4(1)(*a*) (2016), arising out of his alleged sexual abuse of his fourteen-year-old child, S.V. The question presented is whether the district court erred in its preliminary ruling that a video recording of a forensic interview of S.V. was not admissible under the residual exception to the hearsay rule.

We begin with the relevant law. "Hearsay 'is a statement, other than one made by the declarant while testifying at the trial . . . offered in evidence to prove the truth of the matter asserted.' " *State v. Dullard*, 668 N.W.2d 585, 589 (Iowa 2003) (quoting Iowa R. Evid. 5.801(*c*) (2003)). As a general rule hearsay is not admissible. *See id.* Hearsay can be admitted when the proffered evidence falls within one of the numerous exceptions to the hearsay rule. *See id.*; *see also* Iowa R. Evid. 5.803, 5.804 (2019).

The residual exception to the hearsay rule is one such exception. The residual exception is set forth in Iowa Rule of Evidence 5.807. The rule provides,

> *a. In general.* Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in rule 5.803 or 5.804:
>
> (1) The statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) It is offered as evidence of a material fact;
>
> (3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) Admitting it will best serve the purposes of these rules and the interests of justice.
>
> *b. Notice.* The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Iowa R. Evid. 5.807.

The residual exception to the hearsay rule is to "be used very rarely, and only in exceptional circumstances." *State v. Brown*, 341 N.W.2d 10, 14 (Iowa 1983) (quoting 28 U.S.C.A. Rule 803, Historical Note at 583). "Before hearsay evidence can be admitted" under the residual exception, "the district court must make five findings concerning the nature of the evidence: (1) trustworthiness; (2) materiality; (3) necessity; (4) notice; and (5) service of the interests of justice." *State v. Weaver*, 554 N.W.2d 240, 247 (Iowa 1996), *overruled on other grounds by State v. Hallum*, 585 N.W.2d 249, 254 (Iowa 1998); *see State v. Rojas*, 524 N.W.2d 659, 662–63 (Iowa 1994) ("The requirements for admissibility under the residual exception are five-fold: trustworthiness, materiality, necessity, service of the interests of justice, and notice."). "As the above criteria are set forth in the conjunctive, the failure to satisfy one requirement precludes admission of the evidence." *Weaver*, 554 N.W.2d at 247.

With these principles in mind, we turn to the facts and circumstances of this case. In November 2016, Veverka's wife, Christine, reported to the Jasper County Sheriff's Office that her daughter, S.V., told Christine that Veverka had touched S.V. inappropriately. Specifically, S.V. said Veverka had touched S.V. under S.V.'s clothes on her breasts and vagina, that Veverka had digitally penetrated S.V.'s vagina, and that Veverka had forced S.V. to rub his erect penis. Christine reported that her mother (S.V.'s maternal grandmother) was trying to talk S.V. into dropping the allegations because the matter should be handled within the family. In December 2016, Tammera Bibbins conducted a forensic interview with S.V. at the Blank Children's Hospital STAR Center, formerly known as the Regional Child Protection Center. In that interview, S.V. provided additional information regarding the alleged abuse. The forensic interview

was recorded. In January 2017, Veverka allegedly admitted to the sexual abuse. Specifically, in a meeting with Veverka, a social worker involved with the family asked Veverka if the allegations were true, and Veverka responded, "Yes." The pretrial record showed Veverka is on the sex offender registry for two prior sex offenses. It appears the prior offenses were assault with intent to commit sexual abuse and indecent contact with a child.

Based on this and other information, the State charged Veverka in March 2017. Veverka filed two motions in limine relevant to this appeal. In the first, Veverka moved to exclude from evidence the video of the forensic interview. Veverka argued the video was hearsay and not admissible under the residual hearsay exception. He also argued admission of the video into evidence would violate his federal and state constitutional rights to confront witnesses as set forth in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), and *State v. Bentley*, 739 N.W.2d 296 (Iowa 2007). The State resisted the motion in limine, contending the evidence was admissible under the residual hearsay exception as applied in *Rojas*.[1] The State further argued the defendant's right to confrontation would not be violated because S.V. was available and subject to cross-examination.

---

[1]The Code provides for the admission of child hearsay in certain circumstances:

> The court may upon motion of a party admit into evidence the recorded statements of a child, as defined in section 702.5, describing sexual contact performed with or on the child, not otherwise admissible in evidence by statute or court rule if the court determines that the recorded statements substantially comport with the requirements for admission under rule of evidence 5.803(24) or 5.804(*b*)(5) [now combined at Iowa R. Evid. 5.807].

Iowa Code § 915.38(3). A child is defined as a "person under the age of fourteen years." *Id.* § 702.5. It is undisputed S.V. was fourteen at the time of the alleged abuse and not a "child" within the meaning of the Code. The State does not rely on the statute, and it is not at issue in this case.

In the second motion in limine, Veverka sought to prohibit the State from calling S.V. as a witness on the ground that S.V. had recanted her allegations and that the State was not allowed to call S.V. for the purpose of impeaching her testimony with the forensic interview. *See State v. Turecek,* 456 N.W.2d 219, 225 (Iowa 1990). In support of the second motion, Veverka attached a letter allegedly authored and signed by S.V. and dated March 29, 2018. In the letter, S.V. said the prosecutor put "things in reports and other stuff that [S.V. had] not said." The letter also stated, "This case needs to end **now**," and "[I]t **didn't** happen." Veverka also attached a transcript of S.V.'s August 18, 2017 deposition. In the deposition, S.V. stated her father had been touching her inappropriately for approximately a six-month period prior to S.V. disclosing the abuse to Christine. When asked to describe what Veverka did that was inappropriate, S.V. stated, "I don't recall. I really don't. I'm sorry."

The district court granted the defendant's first motion and effectively denied the second. With respect to the first motion to exclude the forensic interview, the district court stated, "The court, without hearing more from the alleged victim, finds that the video will neither be admitted into evidence nor played for the jury." With respect to the second motion, the district court concluded that the alleged victim's testimony could not be determined to be inadmissible in its entirety and that the court would wait to see what was offered at trial.

This brings us to the motion at issue. After the district court issued its rulings on the motions in limine, the State filed a motion to adjudicate preliminary questions of law under Iowa Rule of Evidence 5.104. The State sought an evidentiary hearing and requested the district court make findings and a "definitive ruling" on four of the findings requisite for evidence to be admitted under the residual exception—trustworthiness,

materiality, notice, and service of the interests of justice. *See Rojas*, 524 N.W.2d at 662–63 (identifying the five requisite findings). The State did not request a finding on necessity. At the hearing, the State called three witnesses: Douglas Shullaw, the social worker to whom Veverka admitted the allegations were true; Bibbins, the forensic interviewer who conducted S.V.'s interview at the STAR Center; and Katie Strub, a forensic interviewer at another Iowa facility, who served as an expert witness in the forensic interview process. The State also introduced into evidence a document from the National Children's Advocacy Center describing the forensic interview structure and process. After hearing the testimony and reviewing the exhibits, the district court concluded the video was not admissible under the residual hearsay exception. The State contends the district court's preliminary ruling was in error.[2]

We now directly address the question presented—whether the district court's preliminary ruling was in error. Iowa Rule of Evidence 5.104(*a*) provides that "the court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is

---

[2]Veverka asks us to dismiss the State's appeal as improvidently granted. He argues that the district court did not definitively exclude the video. Rather, the court stated that "*without hearing more from the alleged victim*, . . . the video will neither be admitted into evidence nor played for the jury." (Emphasis added.). Iowa Code section 814.5(2)(*b*), the relevant statute, permits the State to seek discretionary review of an order "suppressing or admitting evidence." Veverka maintains that the district court's order was equivocal and neither suppressed nor admitted the video. *See id.* Therefore, he insists that discretionary review is unavailable.

We disagree for two reasons. First, as we read the district court's findings, they tip the scales decisively against admissibility. We are not sure how the State would change this landscape at trial. As a practical matter, the evidence was suppressed. Second, we read the "suppressing or admitting evidence" language as establishing the possibility of discretionary review over evidentiary rulings, not as categorically prohibiting review of any pretrial ruling that does not conclusively admit or exclude particular evidence regardless of what happens at trial. The latter would be an impractical reading of the section. Once trial begins, jeopardy attaches and as a practical matter it would be impossible for the State to obtain review of an unfavorable evidentiary ruling.

admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Our review of the district court's ruling on a preliminary question of admissibility is for the correction of legal error. *See State v. Long*, 628 N.W.2d 440, 447 (Iowa 2001) (en banc). When the preliminary question is one of fact, "we give deference to the district court's factual findings and uphold such findings if they are supported by substantial evidence." *Id.*

We conclude the district court committed two overarching errors in its analysis of the preliminary question. First, the district court stated it had discretion regarding the admission of the videotape. We disagree. "[A] district court has no discretion to deny the admission of hearsay if the statement falls within an enumerated exception, subject, of course, to the rule of relevance under rule 5.403." *Dullard*, 668 N.W.2d at 589. Conversely, a district court "has no discretion to admit hearsay in the absence of a provision providing for it." *Id.* This is why we review rulings on hearsay for the correction of legal error. *See State v. Heuser*, 661 N.W.2d 157, 162 (Iowa 2003) ("We review the trial court's admission of hearsay evidence for correction of errors of law."); *State v. Neitzel*, 801 N.W.2d 612, 621 (Iowa Ct. App. 2011) ("Although we generally review a court's decision to admit or exclude evidence for an abuse of discretion, we review a hearsay claim for correction of errors at law."). It is unclear whether and to what extent the district court's belief that it had discretion to admit or exclude the evidence infiltrated the district court's analysis. This error requires remand and reconsideration.

Second, the district court's analysis of the preliminary question was infected with extraneous considerations relating to our confrontation clause jurisprudence. Much of modern confrontation clause jurisprudence turns of the question of whether the evidence is

"testimonial" in nature. *See, e.g., Bentley*, 739 N.W.2d at 298 (discussing the concern with the admission of testimonial statements from unavailable witnesses not subjected to cross-examination). Here, the district court's analysis of the requisite findings appeared to turn on whether the video was testimonial in nature. For example, in assessing the trustworthiness of the video, the district court found "CPC interviews are incredibly important and are of great service to victims and the justice system. However, they are not (and should not be considered) testimonial." By way of another example, in assessing the interests of justice, the district court found the forensic interview was conducted to investigate the allegations but not "conducted for the purpose of creating testimony." The district court stated it would thus not treat the interview as admissible testimony. While the testimonial nature of the forensic interview might have been relevant to Veverka's Confrontation Clause claim raised in his second motion in limine, which is not at issue in this appeal, it was not relevant to the preliminary evidentiary question presented to the district court. Like the preceding error, this error requires remand and reconsideration.

In addition to these overarching errors, the district court also erred in its application and analysis of the law regarding the requisite findings. In particular, the district court failed to follow the relevant precedents in analyzing the trustworthiness of the forensic interview and in determining whether admission of the forensic interview would be in the interests of justice.

With respect to trustworthiness, the relevant consideration is whether the proffered evidence has "circumstantial guarantees of trustworthiness." Iowa R. Evid. 5.807(*a*)(1). We have previously considered the trustworthiness of recorded interviews and identified relevant considerations. In *Rojas*, we concluded the district court properly

admitted a social worker's videotaped interview of a child sex abuse victim under the residual exception after the victim recanted her videotaped statements at trial. *See* 524 N.W.2d at 663–64. With respect to the trustworthiness of the evidence, we explained the recorded interview had sufficient guarantees of trustworthiness. *See id.* at 663. In particular, we noted the following: "[t]he interviewer asked [the child] open-ended, non-leading questions"; the questions "were not the kind that would prompt a child to fabricate the responses"; the child provided "a fairly detailed account of the abuse itself"; the child remembered other details regarding the circumstances; the descriptions of the sex acts were "beyond the experience of the average ten-year-old"; the child's "statements were consistent throughout the interview"; and "the videotape [was] more reliable than many other forms of hearsay because the trier of fact could observe for itself how the questions were asked, what the declarant said, and the declarant's demeanor." *Id.* In contrast, in *State v. Cagley,* we held there was substantial evidence supporting the finding that a recorded interview was not sufficiently trustworthy where the alleged victim was older; "had sufficient time to fabricate her allegations"; "recanted, under oath, the statements at issue"; and "testified as to her motivation for doing so." 638 N.W.2d 678, 682 (Iowa 2001).

The court of appeals has also considered the issue. In *Neitzel,* the court of appeals held the district court did not err in admitting a videotaped interview of a seven-year-old sex abuse victim. 801 N.W.2d at 623. In that case, the interview was conducted by an experienced forensic interviewer at a child advocacy center. *See id.* at 622. The interviewer "testified her purpose of conducting the interview was fact finding to determine what happened to the child, assessment of the safety risk of the child's environment, and assessment of the child's need for further

counseling or treatment." *Id.* In concluding the video was admissible, the court of appeals found the interview had sufficient circumstantial guarantees of trustworthiness. *See id.* at 623. In particular, the court of appeals noted the interviewer was "educated and trained in conducting this type of interview," the interviewer "asked non-leading questions," the interview "occurred shortly after the abuse occurred," and the victim's statements were consistent. *Id.* As in *Rojas*, the court of appeals also noted playing the videotape for the jury allowed the jury to view the interview and draw its own conclusions. *See id.* ("As for the videotape, [the interviewer] did not testify to what [the child] said during her interview, but [the child]'s statements were introduced through the playing of the videotape for the jury. This permitted the jury to hear exactly what questions were asked and what [the child] said in response, while viewing [the child]'s demeanor.").

In this case, the district court failed to consider the indicia of trustworthiness as identified in the relevant precedents. Instead, the district court considered whether the interview was "inherently trustworthy," whether the interview was testimonial in nature, whether the interview constituted expert testimony, and whether the forensic interview protocol was based on science or social science. While the finding of trustworthiness or lack thereof must be based on the facts and circumstances of the particular case, the district court should have at least addressed the factors identified in the relevant precedents and omitted consideration of extraneous factors unrelated to the relevant inquiry.

With respect to the finding regarding the interests of justice, evidence serves the interests of justice where "[t]he appropriate showing of reliability and necessity were made, and admitting the evidence advances the goal of truth-seeking expressed in Iowa Rule of Evidence [5.102]."

*Rojas*, 524 N.W.2d at 663. Here, the district court found the interests of justice would not be served because the interview was not conducted for the purpose of creating testimony. We think the consideration not relevant to the issue, and the district court erred in so holding.

Because the court's preliminary ruling will have to be reconsidered on remand, we address the showing for necessity. Evidence is not necessary merely because the State claims to need the evidence to prosecute certain categories of offenses. Instead, the State must show the evidence is "more probative . . . than any other evidence that the proponent can obtain through reasonable efforts." Iowa R. Evid. 5.807(*a*)(3). In *Rojas*, we held a forensic interview was necessary evidence after the child was called to testify and then recanted what she said in the forensic interview. *See* 524 N.W.2d at 662, 663. In *Neitzel*, the court of appeals determined a forensic interview was necessary evidence when the child witness could not recall any specific information about the alleged abuse. *See* 801 N.W.2d at 623. In *State v. Metz*, we found there was no showing of necessity when the hearsay did "not differ substantially from the testimony of the other witnesses." 636 N.W.2d 94, 100 (Iowa 2001). We concluded, "The residual hearsay rule should not be invoked in the absence of a far greater need than that which was shown to exist." *Id.*

The residual exception to the hearsay rule should be used sparingly. The admissibility of evidence under the exception depends on the unique facts and circumstances of each case. There is no rule that allows for the automatic admission of certain categories or types of evidence under the residual exception, and nothing in *Rojas*, *Neitzel*, or this opinion should be read to allow for the categorical admission into evidence of forensic interviews of alleged child sex abuse victims. With that understanding, and for the reasons set forth above, we vacate the district court's

preliminary ruling. We remand this matter for further proceedings not inconsistent with this opinion.

**ORDER VACATED AND REMANDED.**