# IN THE COURT OF APPEALS OF IOWA

No. 15-0874
Filed June 15, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MARK LYNDON CARGILL,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cedar County, Mark J. Smith, Judge.


　　　　The defendant appeals his convictions for sexual abuse in the second degree, contending his counsel was constitutionally ineffective. **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.


　　　　Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Mark Cargill was convicted of three counts of sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3 (2013), one count of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11, and one count of indecent contact with a child, in violation of Iowa Code section 709.12. On appeal, he argues his counsel's failure to object to undifferentiated charges of sexual abuse in the second degree as set forth in the trial information and presented to the jury in three carbon-copy marshaling instructions violated his right to the effective assistance of counsel.

Claims of ineffective assistance of counsel are reviewed de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To prevail on a claim of ineffective assistance of counsel, Cargill must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To establish counsel failed to perform an essential duty, the defendant must establish "the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). The attorney's performance is measured against "prevailing professional norms," and it is presumed the attorney performed competently. *See id.* With respect to the prejudice element, our ultimate inquiry is whether trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that the conviction is unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the defendant to establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). The most important factor in determining whether the defendant suffered prejudice is the strength of the State's case. *See State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006). If the defendant fails to establish prejudice, the claim "can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142.

Cargill was charged by trial information with the five above-mentioned counts on July 18, 2014. The first three counts in the trial information were identical:

> Comes now Jeffrey L. Renander, Assistant County Attorney of Cedar County, State of Iowa, and in the name by the authority of the State of Iowa accuses Mark Lyndon Cargill of the crime of Sexual Abuse in the Second Degree committed as follows:
> The said Mark Lyndon Cargill between June 1, 2011, and June 15, 2014, in the County of Cedar and State of Iowa, in violation of Sections 709.1 and 709.3 of the Iowa Criminal Code, did commit sexual abuse upon K.A., a child under the age of 12.

Cargill contends the trial information did not provide him with notice of the "particulars of the offense sufficiently to fairly enable him to prepare his defense." *State v. Marti*, 290 N.W.2d 570, 576 (Iowa 1980). He argues his counsel was ineffective in failing to request a bill of particulars to clarify the nature of the charges.

We conclude Cargill failed to establish ineffective assistance on his bill-of-particulars claim. The minutes of testimony clearly articulate the particulars of the five counts set forth in the trial information, including the three separate acts supporting the three counts of sexual abuse in the second degree. *See id.* (considering means other than an indictment for informing defendant of the

charges). The minutes are specific as to locations, circumstances, and types of physical contact. The minutes contain corroborating statements from family members, police officers, and medical professionals. The trial testimony delineated the specific acts supporting each of the counts. Cargill had adequate notice of the charges against him, was able to prepare a defense, and was not prejudiced by the failure to request a bill of particulars. *See State v. Butler*, 706 N.W.2d 1, 4 (Iowa 2005); *State v. White*, No. 12-1256, 2013 WL 4504896, at *4 (Iowa Ct. App. Aug. 21, 2013) ("The minutes of evidence detailed R.A.'s many allegations of sex acts committed by White—supporting at least three counts of sexual abuse in the second degree. If counsel had sought and the State had provided a bill of particulars, White's defense strategy would not have changed. He did not raise an alibi defense. Rather, White outright denied inappropriately touching R.A. in his interview with authorities and again denied doing so in his trial testimony. White cannot show a reasonable probability of a different outcome had his counsel urged more precision in the charging instrument."); *see also May v. Ballard*, No. 5:11CV82, 2012 WL 4356794, at *14 (N.D. W. Va. Sept. 24, 2012) (holding there was no due process violation where identical counts in indictment were clarified by trial testimony).

Cargill next argues his counsel provided constitutionally deficient representation in failing to object to the marshaling instructions for the three counts of sexual abuse in the second degree. "Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial." *Meck v. Iowa Power & Light Co.*, 469 N.W.2d 274, 276 (Iowa Ct. App. 1991). Here, the marshaling instructions were materially identical:

> Under Count [_], the State must prove all of the following elements of Sexual Abuse in the Second Degree:
> 1. Between June 1, 2011 and June 15, 2014, the defendant performed a sex act with K.A.
> 2. The defendant performed the sex act while K.A. was under the age of 12 years.
>      If the State has proved both of the elements, the defendant is guilty of Sexual Abuse in the Second Degree. If the State has failed to prove any one of the elements, the defendant is not guilty under Count [_].

Cargill contends the undifferentiated instructions failed to provide the jury with a clear understanding of the fact issues to be decided. Cargill further contends the jury was not instructed they must find each count independent of each other, leading to an "all or nothing case." *See Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir. 2005). We have no way of knowing if the jury found Cargill three-times guilty of one offense, he argues, violating his constitutional protections against being convicted more than once for the same offense.

Cargill's claim is controlled by *State v. See*, 805 N.W.2d 605, 606 (Iowa Ct. App. 2011). In that case, the defendant made an ineffective-assistance claim that counsel should have objected to three identical marshaling instructions alleging identical sex crimes. The court there assumed without deciding See's counsel had breached an essential duty but determined See did not establish prejudice. *See See*, 805 N.W.2d at 607 (citing *Strickland*, 466 U.S. at 694). In reaching the conclusion that the defendant had not established prejudice, our court reasoned that the minutes of testimony provided notice to the defendant he was charged with three distinct types of acts of sexual abuse, the testimony at trial described three separate incidents, the jury was instructed it should make a

separate decision on each count, and the closing arguments placed the separate acts into context as they related to each of the marshaling instructions. *Id.*

Cargill likewise has not proved he suffered constitutional prejudice. If trial counsel had successfully objected to the marshaling instructions, the instructions would have been amended to more specifically identify the specific acts related to each count. As in *See*, however, there was no doubt regarding the separate acts supporting each count of sexual abuse in the second degree. The minutes of testimony clearly identified three separate acts supporting each count of sexual abuse in the second degree. The prosecutor's opening statement clearly identified a separate incident supporting each of the counts. K.A.'s testimony was structured around each of the incidents separately. She testified about one incident in which Cargill stuck his hand down her pants and tried to insert his fingers into her vagina. She testified about another incident in which Cargill grabbed her hand and tried to force her to touch his penis. She also testified about a third incident when Cargill placed a blanket over them on the couch and forced his fingers into her vagina, which she testified "hurt really bad." As in *See*, the jury was instructed it should make a separate decision on each count. The prosecutor's closing argument again delineated the separate incidents and placed them into context as they related to each count in the marshaling instructions. Finally, the evidence supports each conviction, and there is no reasonable probability of a different outcome. *See White*, 2013 WL 4504896, at *4 (holding the defendant failed to establish prejudice where the jury was provided with identical marshaling instructions but the testimony clearly identified separate incidents supporting each count).

We conclude Cargill has failed to establish his claim of ineffective assistance of counsel. Cargill's counsel did not breach an essential duty in not requesting a bill of particulars where the minutes of testimony provided adequate notice of the charges against him. Cargill also suffered no constitutional prejudice as a result of not requesting a bill of particulars. Cargill suffered no constitutional prejudice due to his trial counsel's failure to object to the undifferentiated marshaling instructions in this case. We reiterate our statement in *See* that the better practice is for the district court to not provide undifferentiated marshaling instructions. *See See*, 805 N.W.2d at 607. We affirm the defendant's convictions.

**AFFIRMED.**