# IN THE COURT OF APPEALS OF IOWA

No. 21-0053
Filed April 13, 2022

**MICHAEL RAY WINEINGER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.


The defendant appeals the denial of his application for postconviction relief. **AFFIRMED.**


Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

Michael Ray Wineinger appeals the district court's denial of his application for postconviction relief (PCR). He claims his criminal trial counsel was ineffective in agreeing to the admission of video recordings of the interviews of the child sex abuse complainant and failing to request a limiting jury instruction regarding those videos. We affirm the PCR court decision finding the trial court did not err in admitting the prior recorded video and thus trial counsel not ineffective, but based on a different evidentiary rule, and find the limiting instruction challenge is not preserved for our consideration.

I.      **Background facts and proceedings.**

Following a jury trial, Wineinger was convicted of four counts of sexual abuse in the second degree, in violation of Iowa Code sections 709.1, 709.3(2), and 903B.1 (2013). Wineinger appealed, and the appeal was transferred to our court. In our opinion, we set out the factual background, which we repeat here.

> In December of 2011, Wineinger moved into an apartment with Fred, Fred's three children, and Stephanie, who the children considered their mother. The living accommodations included only two small bedrooms. The children shared one bedroom. At the time of trial, the oldest child, a male, J.L., was fourteen years of age; L.L., the alleged victim, was a female age ten; and there was a younger child, age nine. The children eventually came to share their bedroom with Wineinger. The children referred to Wineinger as Uncle Mike, and they appeared to have a good relationship with him.
> Stephanie became concerned with Wineinger's drinking problem, and confronted Wineinger, requesting he permanently move from the apartment. Wineinger complied. The children overheard the confrontation.
> Soon after, in April of 2014, J.L. reported to school authorities that Wineinger had inappropriately touched L.L. J.L. has been diagnosed with autism and mental-health issues that require medication, and he was not always considered truthful. On April 14, 2014, immediately after being notified about J.L.'s statement, Fred and Stephanie took L.L. to Project Harmony, where L.L. was

interviewed by Mindee Rolles, a social worker. Project Harmony is an organization that helps children by providing various services. L.L. told Rolles nothing had happened between her and Wineinger. That evening, Stephanie confronted J.L. about lying concerning the inappropriate contact with L.L., but J.L. insisted he had been truthful. When Stephanie confronted L.L., she admitted lying, and on the following day, Stephanie took L.L. back to Project Harmony, where she was again interviewed by Rolles. Videos were made of both interviews.

At the second interview, L.L. stated that Wineinger awakened her one night by touching her private parts and he otherwise sexually abused her. L.L. testified the abuse started when she was in the second grade. She further testified that Wineinger made her perform oral sex and he put his penis in her vagina and her anus. She testified the abuse took place over and over. L.L. had frequently asked Wineinger to stop, but he would continue and say "no." She testified she had hesitated to tell anyone because Wineinger had told her that if she told anyone about the sexual abuse, "her mom would go away." At trial, Wineinger contended L.L. concocted the story to punish him after his confrontation with Stephanie and to protect J.L. from being punished for lying.

. . . .

Prior to trial, Wineinger filed a motion in limine to keep the second video interview out of evidence. Counsel agreed, however, that . . . if the second interview came in then the first interview should also come in. The State agreed both videos could come in but opposed the first coming in without the second. The district court found the parties to be "on the same page." With the court understanding both interviews would be admitted into the record, no further consideration was given of the matter.

At a break in the State's case, and prior to the playing of either video, Wineinger's counsel advised the court and the State that the essential elements of L.L.'s first video were already in the record, showing the first video was not required, and he did not intend to present it. Wineinger contended that if he elected not to show the first interview, the agreement had been abandoned and, therefore, the second interview would not be admissible. Wineinger's counsel stated, "I am not seeking any further to admit the first interview of Project Harmony and likewise I think the second interview should . . . be . . . excluded . . . ." The court ruled during the break:

> Both opening statements referred to it. All of the examination of witnesses referred to it. Everything refers to it as something that will occur during this trial. That is no longer a trial strategy. That's an agreement . . . .
>
> . . . So I'm going to allow the evidence in.

*State v. Wineinger*, No 16-1471, 2017 WL 6027727, at *1–2 (Iowa Ct. App. Nov. 22, 2017). Both L.L. and forensic interviewer Rolles testified at the trial.

In the direct appeal, Wineinger raised four claims of ineffective assistance of his trial counsel.[1] In our opinion we found trial counsel was not ineffective regarding his failure to object to Instruction No. 15 and Wineinger's statements but stated: "Defense counsel's failure to object to the second video and to request an appropriate limiting instruction are reserved for a possible postconviction relief action." *Id.* at *4. We affirmed Wineinger's convictions. *Id.*

Wineinger filed his self-represented PCR application on March 7, 2019, which alleged a lack of evidence, an unreasonable sentence, and that he was not advised by his trial counsel of the plea offer made by the State.[2] Wineinger's appointed counsel filed an amended application.[3] Wineinger sent a letter to the judge dated April 7, 2019, which the court also deemed an amendment to the application.[4] The State answered the amended application. Trial was held on August 12, 2020.[5] After counsel provided post-trial briefs, the court filed its ruling denying Wineinger's application as amended.

---

[1] Those claims were: (1) Failing to object to the introduction of the second video on hearsay grounds; (2) not requesting a limiting instruction addressing interviewer Rolles's questions during the video interview; (3) failing to object to court's Instruction No. 15, which paraphrased Uniform Instruction 200.44; and (4) failing to object to Wineinger's statements to L.L. as hearsay.

[2] The plea offer called for Wineinger to plead guilty to two class "C" felony sex crimes with consecutive ten-year prison terms.

[3] The amended application asserted ineffective assistance of trial counsel in failing to depose two State's witnesses: Rolles, the forensic interviewer, and Officer Brian Kernes, who first investigated the complaint; stipulating to the admission of the two videotaped forensic interviews into evidence; and failing to utilize an investigator.

[4] This amendment requested that Wineinger be permitted to accept the State's earlier plea offer.

[5] Wineinger waived his right to be present at the PCR trial.

In addition to several other issues not appealed, the PCR court addressed the ineffective-assistance claim related to the admission of the Project Harmony videos. The ruling identified those issues as "trial counsel's agreeing to the admission of the second video, not objecting to the admission of the second video, not requesting a limiting instruction regarding the second video, not objecting to the video as hearsay, and not objecting to the court's instruction to the jury on the video." The court denied these claims, finding a lack of prejudice.

Wineinger filed a timely notice of appeal on January 6, 2021. On appeal, Wineinger raises two issues: trial counsel's failure to object to the admission of the second Project Harmony video and failing to request a limiting jury instruction regarding the videos.

## II. Standard of review.

We review ineffective-assistance-of-counsel claims de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019) (citation omitted) To establish ineffective assistance of counsel, a claimant must show his counsel failed to perform an essential duty and prejudice resulted therefrom. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## III. Discussion.

On appeal, Wineinger limits his contentions. He claims his criminal trial counsel was ineffective, first, for agreeing to the admission of both forensic videos and, second, in failing to object to the admission of the second video on hearsay

grounds. At the criminal trial, the court did not rule on the videos' admissibility since it found defense counsel had agreed to their admission and deemed it too late during trial for counsel to withdraw from that agreement. In the PCR ruling, the district court found, even if there had been a hearsay objection, the second video would have been admissible under the residual exception found in Iowa Rule of Evidence 5.807(a) and, thus, Wineinger suffered no prejudice from his attorney's failure to object. In this appeal, Wineinger challenges that ruling.

In two recent Supreme Court opinions, filed after the briefs were submitted in this case, the court analyzed the admissibility at trial of a video-recorded forensic interview of a child sex abuse victim. *See State v. Fontenot*, 958 N.W.2d 549 (Iowa 2021); *State v. Skahill*, 966 N.W.2d 1 (Iowa 2021).

In *Skahill*, the court stated:

> We review evidentiary rulings on hearsay for errors at law. *State v. Fontenot*, 958 N.W.2d 549, 555 (Iowa 2021); *see also State v. Veverka*, 938 N.W.2d 197, 202 (Iowa 2020) ("Our review of the district court's ruling on a preliminary question of admissibility is for the correction of legal error."). We review for errors at law because "a district court 'has no discretion to admit hearsay in the absence of a provision providing for it.'" *Veverka*, 938 N.W.2d at 202 (quoting *State v. Dullard*, 668 N.W.2d 585, 589 (Iowa 2003)).

966 N.W.2d at 8. We apply this standard to determine whether, applying either *Fontenot* or *Skahill*, the objection would have been overruled if Wineinger's trial counsel had posed a hearsay objection.[6]

---

[6] We are not restricted to the district court's decision based on the residual hearsay exception. If the hearsay objection would have been overruled as either a prior consistent statement or under the residual exception, then Wineinger suffered no prejudice and his claim fails. *See Fontenot*, 958 N.W.2d at 555 ("Although it is unclear from the record exactly which rule the district court relied on in determining

In *Fontenot*, the supreme court found a child sex abuse complainant's video-recorded forensic interview was admissible as a prior consistent statement when the defendant asserted at trial that the witness had recently fabricated her trial testimony. Iowa Rule of Evidence 5.801(*d*)(1)(B) provides that a prior statement is not hearsay and is admissible as substantive evidence if:

> [t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement: . . . [i]s consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying.

> In *Skahill*, the court discussed the residual hearsay exception.

> The residual exception to the hearsay rule provides,
> [A] hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in rule 5.803 or 5.804 [if]:
> (1) The statement has equivalent circumstantial guarantees of trustworthiness;
> (2) It is offered as evidence of a material fact;
> (3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) Admitting it will best serve the purposes of these rules and the interests of justice.
> Iowa R. Evid. 5.807(a).

966 N.W.2d at 10.

> The requirements of the residual exception can be summarized as "trustworthiness, materiality, necessity, service of the interests of justice, and notice." *State v. Rojas*, 524 N.W.2d 659, 662–63 (Iowa 1994). These are not factors to be weighed; all five requirements must be satisfied. *State v. Weaver*, 554 N.W.2d 240, 247 (Iowa 1996), *overruled on other grounds by State v. Hallum*, 585 N.W.2d 249, 254 (Iowa 1998). Skahill challenges the district court's determination that the necessity and interests-of-justice requirements were met.

---

the video was admissible, this does not prevent us from upholding the district court's admission of the video if it was properly admissible on any ground.").

*Id.*

The supreme court in *Skahill* then focused on the "necessity" requirement. It noted two previous Iowa cases most directly on point, *Rojas*, 524 N.W.2d, and *State v. Neitzel*, 801 N.W.2d 612 (Iowa Ct. App. 2011), which provided examples of when admission of a hearsay video interview was a necessity. In *Rojas*, the video interview was admitted under the residual exception when a ten-year-old girl recanted her prior accusations during her trial testimony. 524 N.W.2d at 663–64. In *Neitzel*, our court held that a video interview was admissible under the residual exception when the complaining witness was ten years old and could no longer remember the abuse she had suffered when she was seven. 801 N.W.2d at 617. The court also discussed the *Fontenot* case, stating: "We determined the CPC interview video was admissible as a prior consistent statement once defense counsel had attempted to impeach the child's credibility on cross-examination to show she had changed her story." *Skahill*, 966 N.W.2d at 13. Thus, *Fontenot* was not decided on the residual exception rule. *Id.*

The court then stated: "While the present case differs in many respects, the underlying principle of our decision is the same: when the same evidence is available through in-court testimony, hearsay statements are generally not necessary under the residual exception." *Id.* at 13–14. In *Skahill*, since the child testified at trial, the supreme court found the necessity requirement was not met and the video recorded statement was not admissible under the residual exception to hearsay. *Id.* at 15.

We conclude that *Fontenot* and the prior consistent statement exception in rule 5.801(*d*)(1)(B) would have allowed admission of the second video. It is clear from the criminal trial record that Wineinger's counsel's trial strategy was to cast doubt on L.L.'s credibility by presenting evidence about her giving two inconsistent recorded interviews—the first being a denial that Wineinger committed sex abuse and the second that he did. The second interview was consistent with L.L.'s trial testimony and was admissible under Iowa Rule of Evidence 5.801(*d*)(1)(B). Thus, Wineinger suffered no prejudice.

We next address Wineinger's argument his trial attorney was ineffective in failing to ask for a limiting instruction. The State contends Wineinger failed to preserve error on this issue. Wineinger himself admits the issue was mentioned only briefly in his application, and the district court did not consider or rule on it. In reply briefing, he attempts to raise the issue as ineffectiveness of PCR counsel. But we do not address arguments raised for the first time in a reply brief. *Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018). Nor can we consider any issue that was neither raised before nor decided by the PCR court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We find he failed to preserve error on this claim. So, we affirm the denial of his application.

**AFFIRMED.**